RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __10/24/13__

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CLARENCE ALEXANDER FRITZ                    DOCKET NO.13-cv-2187; SEC. P
    Alien No. 079-089-179

VERSUS                                      JUDGE JAMES T. TRIMBLE, JR.

ERIC HOLDER, ET AL.                         MAGISTRATE JUDGE JAMES D. KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) by pro se Petitioner Clarence Alexander Fritz. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the LaSalle Detention Center in Jena, Louisiana. Petitioner states that he has been "held 5 months without custody review to determine if detention / continued detention is necessary."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. §1231; <u>Andrade v. Gonzales</u>, 459 F.3d 538, 543 (5th Cir. 2006), cert. denied, 549 U.S. 1132 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. §1231(a)(2). An alien may be detained *beyond* this period under certain circumstances. For example, if an alien fails or refuses

to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); see Balogun v. INS, 9 F.3d 347, 351 (5th Cir. 1993).  Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention **lasting beyond six months past the ninety-day removal period.**  After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id.  The alien bears the burden of proof in showing that no such likelihood of removal exists. Id.  Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Id.  Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas.  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably

foreseeable future." Id.

In this case, Petitioner's order of removal became final on May 14, 2012, when the Board of Immigration Appeals denied Fritz's appeal. 8 C.F.R. § 1241.1.  Thus, the ninety-day removal period was triggered on May 14, 2013, and expired on or about August 14, 2013. Therefore, it is readily apparent that Petitioner has not been in custody for more than six months past the expiration of the ninety-day removal period, ie., more than six months past August 14, 2013.

Because Petitioner has not been in custody for more than six months past the expiration of the removal period, his petition does not state a claim for relief.  See Okpuju v. Ridge, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir. 2004)(noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in Zadvydas), cert. denied, 544 U.S. 1066 (2005); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002)(finding that the six-month period must have expired at the time the §2241 petition was filed in order to state a claim under Zadvydas).  Accordingly, the petition must be dismissed without prejudice as premature.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE AS PREMATURE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Thus done and signed at Alexandria, Louisiana, this _____ day of September, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE